THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:19cr9-KS-MTP

HOPE EVANGULANE THOMLEY

**AGREED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **HOPE EVANGULANE THOMLEY** (hereinafter the "Defendant"), by and with the consent of her attorney, and the **UNITED STATES OF AMERICA** (hereinafter the "Government"), agree that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The Defendant is fully aware of the consequences of having agreed to forfeit to the Government her interests in and to the hereinafter described property, having been apprised of such by her attorney and by this Court; and she has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The Defendant agrees, the following assets (hereinafter the "**Subject Property**"):

| Criminal Forfeiture Identifier | Identifier from parallel Civil Case *United States v. Real Property Located at 19 Crane Park,* 2:18-cv-00165-KS-MTP | Asset Description |
|---|---|---|
| A1 | A-019 | $67,257.24 seized from The First account number 15001365, an account in the name of Total Care Marketing, LLC. |
| A2 | A-017 | $1,567,980.07 seized from Citizens National Bank account number 101773786, an account in the name of Advantage Pharmacy, LLC. |
| A3 | A-056 | $504,951.72 seized from Priority One Bank (Priority) account number 282814, an account in the name of Advantage Medical Infusion, LLC, doing business as AMI Rx. |
| A4 | A-027 | $3,465.86 seized from Magnolia account number 8601395, an account in the name of Advantage Marketing Professionals, LLC. |
| A5 | A-048 | $59,935.47 seized from The First account number 15002538, an account in the name of Bone Forest, LLC. |
| A6 | A-003 | $672,304.62 seized from The First account number 15002660, an account in the name IPMSI Holdings, LLC, Series B. |
| A7 | A-020 | $513,692.49 seized from The First account number 5032685, an account in the name of United Business Ventures LLC. |
| A8 | A-021 | $570,314.01 seized from The First account number 15001605, an account in the name of Thomley Properties, LLC. |
| A9 | A-035 | $1,317,217.30 seized from NY Life IA account number N-29-035297, an account in the name of IPMSI Holdings LLC, Series B. |
| A10 | A-036 | $12.05 seized from NY Life IA L36-001512-1, an account in the name of IPMSI Holdings, LLC, Series B. |
| A11 | A-039 | $.16 seized from NY Life IA L36-002525, an account in the name of Hope Thomley Holdings, LLC. |
| A12 | A-040 | $.16 seized from NY Life IA L36-002526, an account in the name of Howard Thomley Holdings, LLC. |
| A13 | A-044 | $29,392.02 seized from The First account number 3107760, an account in the name of Hope Evangeline Thomley. |

| | | |
|---|---|---|
| A14 | A-047 | $5,528.88 seized from The First account number 15001316, an account in the name of Thomley Christmas Tree Farm, LLC. |
| A15 | A-048 | $59,935.47 seized from The First account number 15002538, an account in the name of Bone Forest, LLC. |
| A16 | A-061 | $55,256.31 seized from NY Life IP number 63814930. |
| A17 | A-062 | $83,056.18 seized from NY Life IP number 63814927. |
| A18 | A-063 | $216,633.64 seized from NY Life IA L36-001513, an account in the name of IPMSI Holdings, LLC, Series B. |
| A19 | A-064 | $253,495.66 seized from NY Life IA L36-001514, an account in the name of IPMSI Holdings, LLC, Series B. |
| A20 | A-065 | $347,975.52 seized from NY Life IA L36-001515, an account in the name of IPMSI Holdings, LLC, Series B. |
| A21 | A-066 | $548,136.28 seized from NY Life IA L36-001516, an account in the name of IPMSI Holdings, LLC, Series B. |
| A22 | A-067 | $129,933.17 seized from NY Life IA L36-001517, an account in the name of IPMSI Holdings, LLC, Series B. |
| A23 | A-068 | $504,585.94 seized from NY Life IA L36-001518, an account in the name of IPMSI Holdings, LLC, Series B. |
| A24 | A-079 | $907,565.26 seized from NY Life IA L36-002522, an account in the name of Hope Thomley Holdings, LLC. |
| A25 | A-080 | $905,791.27 seized from NY Life IA L36-002523, an account in the name of Hope Thomley Holdings, LLC. |
| A26 | A-081 | $521,925.05 seized from NY Life IA L36-002524, an account in the name of Hope Thomley Holdings, LLC. |
| A27 | A-082 | $701,345.58 seized from NY Life IA L36-002521, an account in the name of Hope Thomley Holdings, LLC. |
| A28 | A-083 | $701,673.89 seized from NY Life IA L36-002527, an account in the name of Howard Thomley Holdings, LLC. |
| A29 | A-084 | $907,748.22 seized from NY Life IA L36-002528, an account in the name of Howard Thomley Holdings, LLC. |
| A30 | A-085 | $905,851.68 seized from NY Life IA L36-002529, an account in the name of Howard Thomley Holdings, LLC. |
| A31 | A-086 | $522,022.68 seized from NY Life IA L36-002530, an account in the name of Howard Thomley Holdings, LLC. |
| A32 | A-097 | $547,683.93 seized from Brinker 676209499, an account in the name of UBV, LLC Retirement Plan. |
| A33 | A-098 | $796,876.48 seized from Brinker 676209431, an account in the name of UBV, LLC Retirement Plan. |
| A34 | A-031 | $64,745.86 seized from WFB account number 1763836960, an account in the name of Intellectual Property Management Services (IPMSI), LLC. |
| A35 | A-032 | $415,717.75 seized from 1st Source account number X6883, an account in the name of Intellectual Property Management Services, LLC. |

| | | |
|---|---|---|
| A36 | A-051 | $9,809.40 seized from The First account number 15001795, an account in the name of Solas Marketing, LLC. |
| B1 | B-018 | 2015 Mercedes Benz G550, VIN DYCYC3HFXFX233494, Tag MS 466S6, with all attachments thereon, registered to Hope E. Thomley or Randy Thomley. |
| B2 | B-019 | 2014 Porsche Panamera, VIN WP0AA2A72EL010995, Tag MS 721S5, with all attachments thereon, registered to Hope E. Thomley or Randy Thomley. |
| B3 | B-020 | 2013 Ford F-150 Crew Cab, VIN 1FTFW1R6ODFC54655, Tag MS RAPTR32, with all attachments thereon, registered to United Business Ventures, LLC. |
| C1 | C-045 | Parcel 164-20-042.000 (Hwy. 44), Parcel 165-21-020.000 (Foster Rd.), Parcel 165-22-007.000 (JD Hatten Rd.), Parcel 165-22-023.000 (Foster Rd.), and Parcel 168-28-001.000 (Foster Rd.), Lamar County, MS, titled to Bone Forest LLC. Legally described as:<br><br>20 acres, more or less, being in the West ½ of the NE ¼ of the NW ¼ of Section 22, Township 5 North, Range 16 West, Lamar County, Mississippi;<br><br>AND ALSO Beginning at a pine knot grader blade and x-tie fence corner found on the SE corner of the NW ¼ of the SW ¼ of Section 22, Township 5 North, Range 16 West, Lamar County, Mississippi; thence North 00°03'47" West a distance of 1318.96 feet to an iron pin and fence corner; thence North 89°14'48" East a distance of 1322.71 feet to a pine knot; thence South 00°31'29" East a distance of 1339.83 feet to a x-tie fence corner; thence North 89°51'11" West a distance of 1333.42 feet back to the Point of Beginning; containing 40.53 acres, more or less, and being in the NW ¼ of the SW ¼ of Section 22, Township 5 North, Range 16 West, Lamar County, Mississippi;<br><br>AND ALSO Beginning at a pine knot grader blade and x-tie fence corner found on the SE corner of the NW ¼ of the SW ¼ of Section 22, Township 5 North, Range 16 West, Lamar County, Mississippi, said point being the Point of Beginning; thence South 00°06'35" West a distance of 1323.44 feet to a pine knot and grader blade; thence South 00°32'30" East a distance of 1313.73 feet to an iron pin; thence South 89°52'45" West a distance of 1300.00 feet to a pine knot and grader blade; thence North 00°32'49" West a distance of 1319.42 feet; thence South 89°36'58" West a distance of 1309.55 feet to an iron pin; thence North 00°12'29" East a |

|  |  | distance of 1313.39 feet to an iron pin and t-post; thence South 89°22'10" West a distance of 1304.76 feet to a t-post; thence North 00°03'12" West a distance of 1302.47 feet to a found pine knot; thence North 89°16'27" West a distance of 1962.77 feet to an iron pin; thence North 00°11'04" East a distance of 1330.31 feet to an iron pin; thence North 89°23'51" East a distance of 3216.25 feet to a x-tie fence corner; thence South 01°01'49" East a distance of 2014.89 feet to an iron pin; thence North 89°28'13" East a distance of 1297.83 feet to an iron pin; thence North 00°32'49" West a distance of 659.80 feet to a nail in the center of Foster Road and the point of curve of a non-tangent curve to the left, of which the radius point lies North 86°28'08" East a radial distance of 458.08 feet; thence along the center of said road South along the arc having a chord direction of South 15°57'59" East a chord distance of 197.29 feet, through a central angle of 24°52'15" a distance of 198.84 feet; thence continuing along said road South 28°24'06" East a distance of 989.43 feet to the point of curve of a non-tangent curve to the left, of which the radius point lies North 60°00'04" East a radial distance of 867.12 feet; thence continuing along said road SE along the arc having a chord direction of South 41°29'45" East a chord distance of 345.66 feet, through a central angle of 22°59'37", a distance of 347.99 feet to a railroad spike; thence leaving said road run North 89°57'03" East a distance of 573.99 feet back to the Point of Beginning; containing 287.01 acres, more or less, and located in the NE ¼ of the NE ¼ of Section 28; the SE ¼ and the NE ¼ of the SW ¼ and the South ½ of the NW ¼ of Section 21; and the East ½ of SE ¼ of the NE ¼ of Section 20; all in Township 5 North, Range 16 West, Lamar County, Mississippi; together with all improvements thereon and appurtenances thereunto belonging. |

| C2 | C-014 | 13 Cross Key Big Bay Lake (Lot 3), 29 Cross Key Big Bay Lake (Lot 7), and 33 Cross Key Big Bay Lake (Lot 8), Lamar County, Mississippi, all three parcels titled to Thomley Properties, LLC. |
|---|---|---|
| | | Legally described as:<br><br>LOTS 3, 7 and 8 OF BIG BAYLAKE COMMUNITY, NEIGHBORHOOD CROSS KEY, A SUBDIVISION OF LAMAR COUNTY, MISSISSIPPI, AS PER THE MAP OR PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF LAMAR COUNTY, MISSISSIPPI.<br><br>LESS AND EXCEPT the following, all of which are hereby reserved unto Grantor, its successors and assigns:<br><br>(i) any and all oil, gas and/or other minerals owned by Grantor lying in, on or under the real property conveyed by this Warranty Deed (the "Lot Conveyed"); and<br><br>(ii) any and all rights, including without limitation voting rights, owned or held by Grantor to amend, change or terminate the Land Partners Restrictions (as defined in the Declaration (as herein defined)).<br><br>ALSO LESS AND EXCEPT the following, all of which are hereby excluded from this conveyance md the warranties hereof:<br><br>The real property and all rights described and/or conveyed it1 the Warranty Deed from Grantor to Big Bay Lake Holdings, LLC, a Mississippi limited liability company, which is of record in the office of the Chancery Clerk of Lamar County, Mississippi (the "Office") at Land Deed Book 20-K, at Page 508 and/or in the Corrective Warranty Deed from Grantor to said Big Bay Lake Holdings, LLC which is of record in the Office at Land Deed Book 20-L at Page I 05, provided, however, that this exception is not intended to exclude any easements or other rights provided for under and pursuant to the Lake Agreement (as defined in the Declaration (as herein defined)), but only to the extent provided for therein and subject to all of the terms thereof, provided further· however, that Grantor makes no representations or warranties with respect to such Lake Agreement. |

| | | |
|---|---|---|
| C3 | C-015 | Lot 3 of Pier Point, Big Bay Lake, Lamar County, MS, further described in Exhibit #1, titled to Thomley Properties, LLC. |
| | | Legally described as:<br><br>LOT 3, OF BIG BAY LAKE COMMUNITY, NEIGHBORHOOD PIER POINT, A SUBDIVISION OF LAMAR COUNTY, MISSISSIPPI, AS PER THE MAP OR PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF LAMAR COUNTY, MISSISSIPPI. |
| C4 | C-016 | Lot 8 of Fisher Point Big Bay Lake, Lamar County, MS, further described in Exhibit #1, titled to Thomley Properties, LLC. |
| | | Legally described as:<br><br>LOT 8, OF BIG BAY LAKE COMMUNITY, NEIGHBORHOOD FISHER POINT, A SUBDIVISION OF LAMAR COUNTY, MISSISSIPPI, AS PER THE MAP OR PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF LAMAR COUNTY, MISSISSIPPI. |
| C5 | C-017 | Lot 5 Lure Line Big Bay Lake, Lot 16 Lure Line Big Bay Lake, and Lot 42 Lure Line Big Bay Lake, Lamar County, MS, further described in Exhibit #1, titled to Thomley Properties LLC. |
| | | Legally described as:<br><br>LOTS 5, 16 and 42 OF BIG BAY LAKE COMMUNITY, NEIGHBORHOOD LURE LINE, A SUBDIVISION OF LAMAR COUNTY, MISSISSIPPI, AS PER THE MAP OR PLAT THEREOF ON FILE. AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF LAMAR COUNTY, MISSISSIPPI. LESS AND EXCEPT the following, all of which are hereby reserved unto Grantor, its successors and assigns:<br><br>(i) any and all oil, gas and/or other minerals owned by Grantor lying in, on or under the real property conveyed by this Warranty Deed (the "Lot Conveyed"); and<br><br>(ii) any and all rights, including without limitation voting rights, owned or held by Grantor to amend, change or terminate the Land Partners Restrictions (as defined in the Declaration (as herein defined)). |

| | | |
|---|---|---|
| | | ALSO LESS AND EXCEPT the following, all of which are hereby excluded from this conveyance and the warranties hereof;<br><br>The real property and all rights described and/or conveyed in the Warranty Deed from Grantor to Big Bay Lake Holdings, LLC, a Mississippi limited liability company, which is of record in the office of the Chancery Clerk of Lamar County, Mississippi (the "Office") at Land Deed Book 20-K, at Page 508 and/or in the Corrective Warranty Deed from Grantor to said Big Bay Lake Holdings, LLC which is of record in the Office at Land Deed Book 20-L at Page 105, provided, however, that this exception is not intended to exclude any easements or other rights provided for under and pursuant to the Lake Agreement (as defined in the Declaration (as herein defined}), but only to the extent provided for therein and subject to all of the terms thereof, provided further, however, that Grantor makes no representations or warranties with respect to such Lake Agreement |
| C6 | C-036 | 23 Deer Valley Dr. Hattiesburg, Lamar County, MS, titled to Howard Randy Thomley and Hope E. Thomley. |
| | | Legally described as:<br><br>Real property located at 23 Deer Valley Drive, Hattiesburg, Lamar County, Mississippi, more particularly described as:<br><br>Parcel No. 055K-22-109.000<br><br>Lot 48 Le Papillon, Phase III, Lamar County, Mississippi, as per the map or plat thereof on file in the office of the Chancery Clerk of Lamar County, Mississippi, in Plat Book 3, page 262, Slide 326, together with all improvements thereon and appurtenances thereunto belonging.<br><br>Indexing Instructions: Lot 48, Le Papillon, Phase III, Lamar County, Mississippi. Plat Book 3, page 262, Slide 326. |

| C7 | C-037 | 50 Hegwood Dr., Hattiesburg, Lamar County, MS, titled to Thomley's Christmas Tree Farm LLC. |
|---|---|---|
| | | Legally described as: |
| | | Real property located at 50 Hegwood Road, Hattiesburg, Lamar County, Mississippi, more particularly described as: |
| | | Parcel No. 055Q-22-002.000 |
| | | The N ½ of the NW ¼ of the SW ¼ of Section 22, Township 4 North, Range 14 West of Lamar County, Mississippi; together with all improvements thereon and appurtenances thereunto belonging. |
| C8 | C-038 | 197 Canebrake Blvd., Hattiesburg, Lamar County, MS, titled to Thomley Properties, LLC. |
| | | Legally described as: |
| | | Real property located at 197 W Canebrake Blvd., Hattiesburg, Lamar County, Mississippi, more particularly described as: |
| | | Parcel No. 101Q-12-006.000 |
| | | Lot 15, Canebrake, Brake S, a Subdivision of the County of Lamar, State of Mississippi, as per the map or plat thereof on file and of record in the office of the Chancery Clerk of Lamar County, Mississippi, at Plat Book 2, Page 28, Slide A-95. |
| C9 | C-039 | 56 98 Place Blvd., Hattiesburg, Lamar County, MS, titled to Thomley Properties LLC. |
| | | Legally described as: |
| | | Real property located at 56 98 Place Blvd., Hattiesburg, Lamar County, Mississippi, more particularly described as: |
| | | Parcel No. 052N-09-002.000 |
| | | Commence at an iron pipe at the Northeast corner of the Northwest ¼ of the Southwest ¼ of Section 9, Township 4 North, Range 14 West, Lamar County, Mississippi and run South 00 degrees 00 minutes 39 seconds East for 1,142.16 feet to a ½" rebar and the Point of Beginning. From the Point of Beginning continue South 00 degrees 00 minutes 39 seconds East for 68.00 feet to a ½" rebar; thence run South 89 degrees 38 minutes 54 seconds West for 203.61 feet to a |

| | | |
|---|---|---|
| | | ½" rebar on the East right of way line of 98 Place Blvd. (Paved Public Road); thence run on and along said right-of-way line North 00 degrees 01 minutes 20 seconds West for 68.00 feet to a ½" rebar; thence leaving said right-of-way line run North 89 degrees 38 minutes 54 seconds East for 203.63 feet back to the Point of Beginning. Said parcel of land is part of the Northwest ¼ of the Southwest ¼ of Section 9, Township 4 North, Range 14 West, Lamar County, Mississippi and contains 0.32 acres more or less; together with all improvements thereon and appurtenances thereunto belonging. |
| C10 | C-040 | 775 Gulf Shore Dr. #36, Destin, Okaloosa County, FL, titled to Howard, and Hope Thomley. |
| | | Legally described as:<br><br>Real property located at 775 Gulf Shore Drive, Bldg. 36, Destin, Okaloosa County, Florida, more particularly described as:<br><br>Parcel No. 00-2S-22-213S-0000-0360<br><br>That certain Condominium parcel known as Building No. 36, Sandpiper Cove, Phase X, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 1110, Page 797, amended in Official Records Book 1245, Page 788, Official Records Book 1245, Page 796, Official Records Book 1468, Page 1705 and Official Records Book 1468, Page 1710, of the Public Records of Okaloosa County, Florida, together with an undivided interest in the common elements appurtenant thereto, subject to and in accordance with the covenants, conditions, restrictions, terms and other provisions of said Declaration. |
| C11 | C-041 | 775 Gulf Shore Dr. #9136, Destin, Okaloosa County, FL, titled to Thomley Properties, LLC. |
| | | Legally described as:<br><br>Real property located at 775 Gulf Shore Drive, Bldg. 6, Unit #9136, Destin, Okaloosa County, Florida, more particularly described as:<br><br>Parcel No. 00-2S-22-214M-0006-9136<br><br>That certain condominium parcel composed of BUILDING 6, UNIT NO. 9136, and the undivided share in the common elements appurtenant thereto, in accordance with and subject |

| | | |
|---|---|---|
| | | to the covenants, restrictions, terms and other provisions of the Declaration of Condominium of Sandpiper Cove Phase XXV, with the schedules annexed thereto, as recorded in Official Records Book 2018, Page 1726-1818, inclusive, of the Public Records of Okaloosa County, Florida. |
| C12 | C-042 | 775 Gulf Shore Dr. #2154, Destin, Okaloosa County, FL, titled to Thomley Properties, LLC. |
| | | Legally described as:<br><br>Real property located at 775 Gulf Shore Drive, Bldg. 158, Unit #2154, Destin, Okaloosa County, Florida, more particularly described as:<br><br>Parcel No. 00-2S-22-213K-0158-2154<br><br>Family Unit No. 2154, Building 158, Sandpiper Cove Phase II, as per the Declaration of Condominium thereof, recorded in Official Records Book 734, Page 143, together with any amendments thereto, of the Public Records of Okaloosa County, Florida. |
| C13 | C-043 | 775 Gulf Shore Dr. #2085, Destin, Okaloosa County, FL, titled to Thomley Properties, LLC. |
| | | Legally described as:<br><br>Real property located at 775 Gulf Shore Drive, Bldg. 35, Unit #2085, Destin, Okaloosa County, Florida, more particularly described as:<br><br>Parcel No. 00-2S-22-213L-0035-2085<br><br>Family Unit No. 2085, Building 35, Sandpiper Cove, Phase III, as per the Declaration of Condominium thereof, recorded in Official Records Book 762, Page 169, and amended in Official Records Book 842, Page 35, Official Records Book 1245, Page 788, Official Records Book 1245, page 796 and Official Record Book 1360, Page 283, together with any amendments thereto, of the Public Records of Okaloosa County, Florida. |

| C14 | C-044 | 775 Gulf Shore Dr. #9104, Destin, Okaloosa County, FL, titled to Thomley Properties, LLC. |
| --- | --- | --- |
| | | Legally described as:<br><br>Real property located at 775 Gulf Shore Drive, Bldg. 9, Unit #9104, Destin, Okaloosa County, Florida, more particularly described as:<br><br>Parcel No. 00-2S-22-214M-0009-9104<br><br>That certain Condominium Parcel composed of Unit No. 9104, and the undivided share in the common elements appurtenant thereto in accordance with and subject to the covenants, conditions, restrictions, terms and other provisions osf the Declaration of Condominium of SANDPIPER COVE, PHASE XXV, with the schedules annexed thereto, as recorded in Official Records Book 2018, Page 1726, of the Public Records of Okaloosa County, Florida. |
| C15 | C-046 | 47 Copper Creek, Hattiesburg, Lamar County, MS, titled to B.B. |
| | | Legally described as:<br><br>Real Property located at 47 Copper Creek, Hattiesburg, Lamar County, Mississippi, more particularly described as:<br><br>Parcel No. 045N-19-002.082<br><br>Lot 81 of Clear Creek Subdivision, Phase II, of Lamar County, Mississippi, as per the map or plat thereof on file and of record in the Office of the Chancery Clerk of Lamar County, Mississippi, at Plat Book 3, Page 316, Slide 380. |

constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count One of the Information. *See* Information, ECF No. 1. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7).

3. The Defendant has agreed to the entry of a forfeiture money judgment in the amount of $29,249,018.51, which is the value of any property which constitutes or is derived from,

directly or indirectly, the gross proceeds traceable to commission of Count One of the Information, pursuant to 18 U.S.C. § 982(a)(7).

4. The Defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982 require the Court to order the forfeiture of the **Subject Property** at, and as a part of, the sentencing proceeding. The Defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The Defendant and her attorney further agree that the Court should enter this Order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless of whether ordered at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case."

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the Defendant shall forfeit to the United States, the **Subject Property**.

b. A forfeiture money judgment in the amount of $29,249,018.51 is entered against the Defendant.

c. The Court has determined, based on the Defendant's Plea Agreement and Plea Supplement, that the above described property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7), that the Defendant had an interest in such property and that the Government has established the requisite nexus between such property and such offense.

d. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

e. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. Fed. R. Crim. P. 32.2(c)(1).

f. Any person, other than the above named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

g. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing [or before sentencing if the Defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

h. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

i. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with

the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

j.  The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), 31 U.S.C. §§ 5317(c) and 5332, and 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 20th day of February 2019.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
KATHERINE PAYERLE
Trial Attorney
Criminal Division, Fraud Section

_____
SEAN WELSH
Special Assistant United States Attorney

_____
MARY HELEN WALL
Assistant United States Attorney

_____
HOPE THOMLEY
Defendant

_____
T. MICHAEL REED

Attorney for Defendant

_____
CHARLES SHORT
Attorney for Defendant

_____ for PAC
PAUL CALLI
Attorney for Defendant